# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 13-21415-CMB |
| FLABEG SOLAR US CORPORATION, | Chapter 11 |
| Debtor. | |
| FLABEG SOLAR US CORPORATION, | |
| Plaintiff, | Adv. Proc. No. 15-2152-CMB |
| v. | |
| | Related to Doc. No. 65 |
| ERGO VERSICHERUNG AG, NHA HAMBURGER ASSEKURANZ-AGENTUR, GMBH, ALLIANZ VERSICHERUNGS-AG, and MUNICH RE, | |
| Defendants. | |

## MEMORANDUM OPINION

The above-captioned adversary proceeding was commenced by Flabeg Solar US Corporation ("Debtor"). Debtor filed a Complaint alleging breach of contract and bad faith against the Defendants, including Ergo Versicherung AG, NHA Hamburger Assekuranz-Agentur GmbH, and Allianz Versicherungs-AG (hereinafter "Insurers"). Within the Complaint, Debtor asserted that it was entitled to payment pursuant to certain insurance policies ("Policies").[1] For the reasons stated in this Court's Memorandum Opinion ("Memorandum Opinion," Doc. No. 59), the Insurers

---

[1] The Court writes primarily for the parties who are familiar with the underlying facts of this proceeding. The factual background is more fully set forth in this Court's Memorandum Opinion dated December 7, 2016.

1

were dismissed from the proceeding for lack of personal jurisdiction. *See* Order, Doc. No. 60. The matter presently before the Court is the Debtor's request for reconsideration of that decision. *See Motion for Reconsideration of Order Granting Motion to Dismiss Adversary Proceeding Complaint* ("Motion"), Doc. No. 65.[2] The Debtor's Motion is opposed by the Insurers. *See* Doc. No. 68. A hearing on the Motion was held on February 23, 2017, at which time the parties presented their arguments to the Court. For the reasons expressed herein, the Motion must be denied.

Motions for reconsideration, which are not expressly recognized in the Federal Rules, are generally considered pursuant to either Fed.R.Civ.P. 59(e) or 60(b), made applicable to bankruptcy cases by Fed.R.Bankr.P. 9023 and 9024, respectively. *See Chaney v. Grigg* (*In re Grigg*), No. 12-7008-JAD, 2013 WL 5310207, at *1, 2013 Bankr. LEXIS 3983, at *4 (Bankr.W.D.Pa. Sept. 20, 2013). Within the Motion, Debtor does not state pursuant to which rule it seeks relief; however, it appears that Debtor intends to proceed pursuant to Rule 59(e) as the Motion was filed within fourteen days after entry of the Court's Order. Furthermore, a motion questioning the correctness of the judgment and seeking to re-litigate the original issue is made pursuant to Fed.R.Civ.P. 59(e). *See Grigg*, 2013 WL 5310207, at *1, 2013 Bankr. LEXIS 3983, at *5. This is consistent with the contents of the Motion, and the Court analyzes the arguments accordingly.

A motion to reconsider pursuant to Fed.R.Civ.P. 59(e) must be based upon one of the following: "(1) intervening change in the controlling law; (2) new evidence not previously discoverable; or (3) a need to correct a clear error of law or fact or prevent manifest injustice." *See Grigg*, 2013 WL 5310207, at *2, 2013 Bankr. LEXIS 3983, at *8. Motions for reconsideration are

---

[2] After filing the Motion, Debtor filed a *Notice of Voluntary Dismissal of Adversary Proceeding Pursuant to F.R.C.P. 41 and Bankruptcy Rule 7041 as to Defendant Munich Re* (Doc. No. 69). Accordingly, only Debtor and the Insurers remain as parties.

2

not intended to reargue matters which have been raised and disposed of by the court, to re-litigate a matter with which a litigant simply disagrees, or to present new arguments and/or evidence which could have been presented previously. *See Grigg,* 2013 WL 5310207, at *3, 2013 Bankr. LEXIS 3983, at *8. Notably, such relief "is an extraordinary remedy to be granted sparingly." *Id.* With this standard in mind, the Court addresses the pending Motion.

In the Motion, Debtor does not assert an intervening change in the controlling law or the existence of new evidence not previously discoverable. Therefore, Debtor must rely upon an alleged need to correct a clear error of law or fact or prevent manifest injustice. The standard is very difficult to meet. *See In re Pittsburgh Corning Corp.*, No. 00-22876-TPA, 2013 WL 5994979, at *3, 2013 Bankr. LEXIS 4782, at *8 (Bankr.W.D.Pa. Nov. 12, 2013). With respect to demonstrating clear error, it is insufficient to show that a judgment is probably wrong; instead, clear error requires a showing that the judgment is *dead wrong*. *See id.* Courts have similarly imposed a challenging burden on a movant asserting manifest injustice. *See Pittsburgh Corning*, 2013 WL 5994979, at *3, 2013 Bankr. LEXIS 4782, at *9. The burden has been described using various, although generally similar, terms by requiring an error that is indisputable, plain, and/or obvious. *See Shearer v. Titus* (*In re Titus*), 479 B.R. 362, 367-68 (Bankr.W.D.Pa.2012). The burden is on Debtor to meet this demanding standard for reconsideration.

According to Debtor, this "Court overlooked, failed to consider or gave improper weight to certain matters of record…." *See* Motion, at 2. Specifically, Debtor avers that reconsideration is warranted as the Court committed error by concluding that, *even if* Debtor were an insured under the Policies, the Court lacked jurisdiction over the Insurers. In so concluding, the Debtor cites to the language of Pennsylvania's long-arm statute which the Court did not rely upon in its Memorandum Opinion. Specifically, the language at issue provides as follows:

3

> (a) General rule.--A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:
>> (6)(i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting.

*See* 42 Pa. Cons. Stat. Ann. §5322(a)(6)(i). Debtor asserts that, as an insured under the Policies and in accordance with the scope of the Policies covering all means of transportation of property worldwide, the Insurers contracted to insure the Debtor within this Commonwealth thereby fulfilling the requirement of Pennsylvania's long-arm statute. In opposition to the Motion, Insurers contend that Debtor cannot demonstrate circumstances justifying the extraordinary remedy of reconsideration and further assert that Debtor's argument relying upon the state's long-arm statute is untimely and without merit. *See* Doc. No. 68.

Upon review of the Motion, the Objection thereto, the arguments of counsel, and the record of the above-captioned adversary proceeding, this Court finds the Motion must be denied. As set forth above, motions for reconsideration are not intended to reargue matters which have been raised and disposed of by the court, to re-litigate a matter with which a litigant simply disagrees, or to present new arguments and/or evidence which could have been presented previously. Within the Motion, Debtor contends that it is insured under the Policies. As acknowledged by the Debtor within the Motion, the Court considered this argument in its ruling <u>and</u> assumed for the purposes of the Motion to Dismiss that Debtor was insured under the Policies.[3] To the extent that Debtor asserts that the Court should now consider this in light of Pennsylvania's long-arm statute, that is an argument which could have been raised previously.

---

[3] Specifically, this Court reviewed and considered the Declaration of Attorney Jobst Von Werder (Exhibit A to the Motion to Dismiss) and the Declaration of Mr. Thorsten Schmidt (Exhibit B to the Motion to Dismiss), including the FLABEG Group Organisational Chart attached thereto, when rendering its decision. Accordingly, as set forth within the Memorandum Opinion, the Court accepted Debtor's assertion regarding coverage as true in resolving the Motion to Dismiss. *See* Memorandum Opinion, at 10.

4

Nonetheless, considering the potential applicability of the state's long-arm statute does not change the result. In assessing the exercise of personal jurisdiction in the Memorandum Opinion, the Court applied Fed.R.Bankr.P. 7004(f), which requires, among other things, that the exercise of jurisdiction must be consistent with the Constitution and the laws of the United States. This Court noted,

> In *Springel*, the bankruptcy court found the relevant inquiry to be under the Fifth Amendment. *See* 2013 WL 1795580, at *3, 2013 Bankr. LEXIS 1778, at *9 [(Bankr.D.V.I. April 26, 2013)]. However, "[m]ost courts, nonetheless, have applied the same principles enunciated in connection with the due process clause of the Fourteenth Amendment when determining whether minimum contacts with the United States are present." *Anheuser-Busch, Inc. v. Paques, Inc.* (*In re Paques, Inc.*), 277 B.R. 615, 628 (Bankr.E.D.Pa. 2000).

*See* Memorandum Opinion, at 7 n.7. In *In re Paques, Inc.*, the court took the position that the state long-arm statute does not apply where the proceedings arise from the provision of bankruptcy jurisdiction under 28 U.S.C. §1334. *See* 277 B.R. at 624 n.6, 628. Perhaps on this basis, neither Debtor nor Insurers raised the potential applicability of Pennsylvania's long-arm statute prior to the filing of the Motion.[4]

However, even if the Court applied the law of the forum state in this case, the application of the state's long-arm statute would not change the analysis. The reach of Pennsylvania's long-arm statute is coextensive with the parameters of constitutional due process,[5] and the limits of constitutional due process were extensively addressed in the Memorandum Opinion. Furthermore,

---

[4] The Court further notes that *Springel* and *Paques* were cited in the Court's Memorandum Opinion dated December 7, 2016. Although the potential applicability of a state's long arm statute was not plainly addressed within the Memorandum Opinion, in seeking reconsideration, the Debtor raises an issue which the Court already considered in its prior ruling.

[5] *See O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 316 (3d Cir. 2007) (citing 42 Pa. Cons. Stat. Ann. §5322(b) for the proposition that "[i]t provides for jurisdiction 'based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States.'").

5

where an applicable long-arm statute is *not* coextensive with the parameters of the Due Process Clause, there is a two-part analysis. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 n.4 (3d Cir. 2009). First, there must be a statutory basis for exercising jurisdiction under the long-arm statute. *Id.* at 330. Here, Debtor asserts that it has alleged sufficient facts in support of the exercise of jurisdiction under Pennsylvania's long-arm statute. The second part of the analysis, however, requires demonstration of sufficient minimum contacts with the applicable forum to satisfy constitutional due process. *Id.* Thus, a state's long-arm statute does not supplant the constitutional analysis undertaken by this Court in the Memorandum Opinion.

In the context of the minimum contacts analysis, however, one additional item raised by the Debtor warrants further discussion. Within the Motion, Debtor refers to the worldwide scope of the Policies and coverage for all common means of transportation. *See* Motion, at 4.[6] In some circumstances, courts have construed broad territory-of-coverage clauses contained within insurance policies as sufficient to constitute purposeful action directed at the forum.[7] To the extent Debtor attempts to raise that argument now in its Motion, Debtor cites no binding Third Circuit

---

[6] In support of the contention, Debtor cites to two pages of Exhibit 1 to the Declaration of Attorney Jobst Von Werder. Upon review, these pages appear to be cover pages associated with the Policies. The pages simply provide "Scope: worldwide" and "Means of transportation: all common means of transportation" without any further explanation or terms with respect to either.

[7] *See, e.g., TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282 (10th Cir. 2007). In that case, the Tenth Circuit relied upon the terms of the applicable policy and found that "the issuance of an insurance policy that contains a worldwide territory-of-coverage clause and an option to defend the insured is sufficient to establish minimum contacts with the forum state." *Id.* at 1288. The court further acknowledged, however, that "these kinds of contacts are relatively weak." *Id.* at 1291.

precedent mandating the exercise of personal jurisdiction on the facts presented, and this Court has found none.[8] Further, aside from the terms of the Policies identifying scope and means of transportation without further explanation, Debtor does not cite to any specific policy language or territory-of-coverage clause to support the exercise of jurisdiction over the Insurers.[9] Accordingly, to the extent Debtor raised this issue by referring to the scope of the Policies' coverage, Debtor failed to demonstrate indisputable error to support reconsideration.

While Debtor presents this adversary proceeding as a simple breach of contract claim (an insured against its insurers), the claim is not so straightforward. With respect to the Debtor's insurance claim, the Debtor represented that the amount of the claim was the result of a negotiated settlement with its customer in India. *See* Exhibit A to Complaint. Furthermore, the Insurers *did* make payment under the Policies in the named insured's bankruptcy proceedings in Germany. *See* Stipulated Findings of Fact, Doc. No. 53, at ¶¶11-18. To what extent Debtor's great-great-grandparent company, the named insured, may have been obligated to compensate Debtor from those proceeds, the matter is not before this Court. Not surprisingly, Debtor chose to pursue a

---

[8]    In determining personal jurisdiction, Courts within this Circuit have addressed the inclusion of a broad territory-of-coverage clause in an insurance policy. *See Wausau Underwriters Ins. Co. v. State Auto. Mut. Ins. Co.*, 557 F. Supp. 2d 502, 508-09 (D.N.J. 2008) (requiring "a forum related event" in addition to inclusion of the forum in the territory-of-coverage clause); *Ryan v. Union Mut. Fire Ins. Co.,* No. 10-4438, 2011 WL 3666492, at *4, 2011 U.S. Dist. LEXIS 93713, at *13 (E.D.Pa Aug. 19, 2011) (finding "the territory of coverage clause is not sufficient to warrant the exercise of jurisdiction…."); *Brisco v. Schreiber*, No. 06-cv-132, 2010 U.S. Dist. LEXIS 22276, at *13, 2010 WL 918090, at *5 (D.V.I. March 10, 2010) ("The mere fact that the insurance coverage of the New York Plaintiffs extended to U.S. territories such as the Virgin Islands is not sufficient to show a 'purposeful' action directed toward this jurisdiction.").

[9]    The Motion asserts that "the Court overlooked, failed to consider or gave improper weight to certain matters of record in the case…." *See* Motion, at 2. However, it is not the Court's burden to sift through the record searching for facts in support of Debtor's position. As set forth in the Memorandum Opinion, the burden was on Debtor to demonstrate facts that establish jurisdiction. *See* Memorandum Opinion, at 3. Once again, the burden is on Debtor. Now, the Debtor is faced with the demanding burden to establish a basis for reconsideration.

remedy against the Insurers in this forum rather than seeking relief against its great-great-grandparent in Germany. Nonetheless, this adversary proceeding is inextricably tied to settlements reached in the named insured's bankruptcy proceedings with the liquidator in Germany. The interpretation and enforcement of those settlements would undoubtedly arise in this proceeding as evidenced by the Motion to Dismiss. *See* Motion to Dismiss, Doc. No. 32, at ¶¶56-58. Based upon the unique facts of this case, interference with a foreign nation's sovereignty is an important factor. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1098 (10th Cir. 1998). Even in the event that a tenuous but sufficient contact with this forum existed, these facts would weigh considerably in the Court's analysis of whether the exercise of jurisdiction would comport with fair play and substantial justice. As the Court observed in the Memorandum Opinion, although it was unnecessary to resolve the issue, the exercise of jurisdiction does not appear to be reasonable in this case. *See* Memorandum Opinion, at 11 n.11. Despite this forum's interest in providing a forum for Debtor to seek redress and Debtor's interest in obtaining convenient and effective relief, the relevant factors appear to favor the Insurers.[10]

As Debtor failed to establish the need to correct a clear error of law or fact or prevent manifest injustice in order to obtain relief under Rule 59(e), the Motion is denied. In light of the foregoing and Debtor's voluntary dismissal of other previously named defendants, this adversary

---

[10] As set forth in *Burger King Corp. v. Rudzewicz*, relevant factors include the following: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *See* 471 U.S. 462, 477 (1985) (internal quotations omitted).

proceeding is resolved and may be closed.[11] An Order will be entered consistent with this Memorandum Opinion.

Date: <u>March 10, 2017</u>  /s/ Carlota M. Böhm
Carlota M. Böhm
United States Bankruptcy Judge

**MAIL TO:**

John P. Lacher, Esq., and Robert O Lampl, Esq.
Jason L. Ott, Esq., and Steven W. Zoffer, Esq.
Thomas C. Murphy, Esq.

FILED
3/10/17 1:17 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

---

[11] As set forth in the Memorandum Opinion, Debtor voluntarily dismissed the proceeding as to Willis GmbH & Co. KG. *See* Doc. No. 19. Subsequently, Debtor voluntarily dismissed the proceeding as to Munich Re. *See* Doc. No. 69.